Honorable Roslyn O. Silver, Senior United States District Judge
The Secretary of Labor ("the Secretary") brought this action against Defendants Austin Electric Services and Toby Thomas ("Defendants") for alleged violations of the Fair Labor Standards Act ("FLSA"). Before the Court is the Secretary's motion to strike Defendants' jury demand from their Answer to the Second Amended Complaint. (Doc. 263.) For the foregoing reasons, the Secretary's motion is GRANTED.
BACKGROUND
The Secretary's First Amended Complaint ("FAC") was filed on November 3, 2016. It alleged Defendants violated-and continued to violate-the FLSA by failing to pay their workers overtime and failing to keep accurate records of hours worked. (Doc. 10.) The Secretary sought backwages and liquidated damages under Section 16(c) of the FLSA, backwages under Section 17, and an order pursuant to Section 17 to enjoin Defendants from violating the FLSA. (Doc. 10 at 5.) Attached to the Complaint was Exhibit A, which listed the names of 200 employees for whom the Secretary sought relief. (Doc. 10 at 7- 11.) On November 10, 2016, Defendants filed their Answer to the FAC. (Doc. 11.) No jury demand was made. The parties subsequently stipulated, for the Rule 26(f) joint report, that "[a] jury trial has not been requested by either party." (Doc. 15.)
After the close of discovery, Defendants and their counsel conducted a Human Resources audit ("HR Audit"), during which Defendants allegedly interviewed their employees regarding this litigation and asked them to sign declarations stating they had never been denied overtime pay. (Doc. 172.) The Secretary alleged the HR Audit was retaliatory and in violation of the FLSA's anti-retaliation provision. The Court granted in part the Secretary's motion for a temporary restraining order and preliminary injunction prohibiting Defendants from coercively interviewing their employees regarding this litigation. (Doc. 172.)
On November 15, 2016, the Secretary, with leave of the Court, filed a Second Amended Complaint ("SAC"). (Doc. 246.) The SAC added: (1) The names of 99 additional employees to Exhibit A, including employees for whom the Secretary sought backwages as a result of Defendants' allegedly ongoing violation; (2) a retaliation claim based on the facts of the HR Audit. (Doc. 246.) With regard to the retaliation claim, the Secretary seeks a permanent injunction under Section 17, prohibiting Defendants from violating the anti-retaliation provision of the FLSA. (Doc. 246.) On November 27, 2018, Defendants answered the SAC. For the first time, Defendants demanded "a trial by jury of all issues triable of right by jury." (Doc. 251 at 4.)
Before the Court is the Secretary's motion to strike Defendants' jury demand under Rule 12(f). (Doc. 263.) According to the Secretary, Defendants waived their right to jury trial when they failed to timely demand a jury for all the claims in the FAC. (Doc. 263.)
*947 LEGAL STANDARD
"A party waives a jury trial unless its demand is properly served and filed." Fed. R. Civ. P. 38(d). To properly demand a jury trial, a party may "serv[e] the other parties with a written demand-which may be included in a pleading-no later than 14 days after the last pleading directed to the issue is served." Fed. R. Civ. P. 38(b). In the event an amended complaint raises new issues, "the prior waiver does not apply to the newly raised issues." Moore v. Chase, Inc. , 14-cv-01178, 2015 WL 2235135, at *3 (E.D. Cal. May 11, 2015).
Rule 39(b) provides: "Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b). The Ninth Circuit has instructed: "The district court, in its discretion, may order a jury trial on a motion by a party who has not filed a timely demand for one. That discretion is narrow, however, and does not permit a court to grant relief when the failure to make a timely demand results from an oversight or inadvertence." Lewis v. Time Inc. , 710 F.2d 549, 556-57 (9th Cir. 1983).
ANALYSIS
By failing to demand a jury trial for the claims in the FAC and stipulating to a bench trial, Defendants have waived their right to jury trial and shall not be allowed to demand one now.[1]
The Secretary filed the FAC, alleging overtime and recordkeeping violations, on November 3, 2016. (Doc. 10.) Pursuant to Rule 38(b)(1), Defendants' deadline to demand a jury trial was November 17, 2016. Defendants did not demand a jury trial when they filed their Answer to the FAC on November 10, 2016. (Doc. 11.) Nor did they make a jury demand at any other time before November 17, 2016. In addition, the parties' joint Rule 26(f) filing clearly stated that neither party had demanded a jury trial. (Doc. 15 at 10.) Accordingly, Defendants failed to make a timely demand and waived their right to a jury trial. Fed. R. Civ. P. 38(d).
Defendants argue that even if they waived their right to a jury trial in November 2016, "the new facts and issues alleged in the SAC revive Defendants' right to demand a jury." (Doc. 282 at 10.) This argument is incorrect. At the outset, the Secretary's SAC amended the FAC in two ways. First, the SAC included the names of 99 additional employees in Exhibit A. The Secretary alleges these 99 additional employees, like the original 200 employees, are owed backwages and liquidated damages under Section 16, and in the alternative, backwages under Section 17. (Doc. 246 at 6-7.) Second, the SAC included the Secretary's newly added retaliation claim relating to the HR Audit. The Secretary seeks only a permanent injunction-rather than legal remedies-for the retaliation claim. (Doc. 286 at 9.) Defendants' repeated suggestions to the contrary are highly misleading.
The addition of 99 employees to Exhibit A does not constitute a new issue that would revive the right to demand a jury. As the Ninth Circuit has explained, " Rule 38(b) is concerned with issues of fact ." Lutz v. Glendale Union High School , 403 F.3d 1061, 1066 (9th Cir. 2005) (holding that the defendant had no right to a renewed jury demand because there was *948 "no significant difference in the facts necessary to support [the plaintiff's] original ADA claim and those supporting her new claims"); see also Moore , 2015 WL 2235135, at *4 (denying Defendant's jury demand as untimely because the amended complaint "expands upon Plaintiff's factual allegations ... it does not allege new issues on which a jury trial should be granted."). In Moore , the plaintiff alleged the defendant-an owner of a gas station-discriminated against him based upon his disability because he encountered barriers to his full and equal access. In the amended complaint, the plaintiff listed additional barriers to his full and equal access of the property, and included revised language regarding applicable guidelines for modification of the property. Id. at *1. The court found that the amended complaint did not allege new issues that would renew the defendant's waived right to a jury trial. Rather, the "factual allegations underlying the causes of action raised in the original complaint are the same as those alleged and expounded upon in the FAC." Id. at *3. Similarly, the SAC here does not allege new issues that were not contained in the FAC. In the FAC, the Secretary alleged that Defendants' overtime and recordkeeping violations were ongoing. (Doc. 10 at 3.) In the SAC, the Secretary lists the names of additional employees who were allegedly harmed by those ongoing violations. (Doc. 246 at 8-15.) Notably, the SAC does not revise or add to the factual allegations that Defendants failed to pay employees for overtime work and failed to keep accurate records of hours worked. Accordingly, the issues in the FAC and SAC "turn on the same matrix of facts" and the addition of new names clearly does not revive Defendants' right to demand a jury. Lutz , 403 F.3d at 1066 (citation omitted).
The Secretary's new retaliation claim also does not allow Defendants to overcome their waiver of jury trial. The Secretary seeks only equitable, not legal, relief for his retaliation claim. (Doc. 286 at 9.) There exists no right to jury trial with respect to claims for injunctive relief under Section 17 of the FLSA. McLaughlin v. Owen Plastering Co. , 841 F.2d 299, 300 (9th Cir. 1988). Thus, the addition of an equitable claim under Section 17 does not give Defendants a renewed right to jury trial.
Finally, the Court denies Defendants' request for a jury trial pursuant to Rule 39(b). While Rule 39(b) gives district courts discretion to order a jury trial in the event a jury demand is not made, the Ninth Circuit has been clear that this discretion is narrow. See Pacific Fisheries Corp. v. HIH Cas. & Gen. Ins., Ltd. , 239 F.3d 1000, 1002 (9th Cir. 2001). In particular, a district court is not permitted to "grant relief when the failure to make a timely demand results from an oversight or inadvertence." Id. Here, Defendants have offered no reason or explanation for failing to timely file a jury demand and shall not be granted relief under Rule 39(b).
Accordingly,
IT IS ORDERED the Secretary's Motion to Strike Defendants' Jury Demand, (Doc. 263), is GRANTED .

In light of the jury demand contained in Defendants' Answer to Plaintiff's Second Amended Complaint, (Doc. 251), the Court ordered preparation and submission of the documents that would be necessary if a jury trial were to occur. (Doc. 261.) That Order was not intended to be a substantive analysis of Defendants' entitlement to jury trial and is not to be construed as such.